MEMORANDUM ***
Felipe Jaquez-Mercado appeals his sentence and conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326, arguing that (1) § 1326 is unconstitutional; (2) the district court should have dismissed the indictment *155 because it was supported by an uncounseled deportation; and (8) the indictment was insufficient because it did not allege either voluntary entry or the mens rea element. We have jurisdiction pursuant to 42 U.S.C. § 1291, and we affirm.
Jaquez’s argument that Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) rendered unconstitutional 8 U.S.C. § 1326 is foreclosed by United States v. Bahena-Cardenas, 411 F.3d 1067, 1073 (9th Cir.2005). We have also previously rejected claims identical to his claim that 8 U.S.C. § 1326 is unconstitutional as applied because the indictment pursuant to which he was convicted was supported by a deportation proceeding at which Jaquez was not represented by counsel. See United States v. Rivera-Sillas, 417 F.3d 1014, 1017-18 (9th Cir.2005).
Similarly precluded by binding Ninth Circuit authority are Jaquez’s challenges to the sufficiency of the indictment. An indictment charging that a deported alien is “found in” the United States in violation of 8 U.S.C. § 1326 need not allege voluntary entry or mens rea. Rivera-Sillas, 417 F.3d at 1019-21; United States v. Parga-Rosas, 238 F.3d 1209, 1213-14 (9th Cir .2001).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9 th Cir. R. 36-3.